## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RUSTY J. LEBOEUF**                                       **CIVIL ACTION**

**VERSUS**                                                 **NO. 21-2147**

**DUSTIN BICKHAM, WARDEN**                                 **SECTION: E(5)**

## ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Michael B. North, recommending Petitioner Rusty Leboeuf's petition for Writ of Habeas Corpus[2] be dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons below, the Court **ADOPTS** the Report and Recommendation as its own and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

The detailed facts underlying this case are provided in the Magistrate's Report and Recommendation[4] and need not be repeated here. However, a general summary of the facts is useful for the resolution of this case. The record facts of this case were aptly summarized by the Louisiana Court of Appeal for the First Circuit:

> In June of 2017, twelve-year-old K.C. lived in Cut Off, Louisiana, in Lafourche Parish, with her mother, brothers, and her mother's boyfriend, the defendant. In the early morning hours of June 16, 2017, K.C. had fallen asleep on the couch in the living room. According to K.C., at about 6:00 a.m., she was awakened by defendant, who had placed his penis in her hand. K.C. hurriedly turned over on the couch and feigned still being asleep, until defendant walked away. Later that same day, K.C. told her brother, who told his mother and uncle. The police were called. Defendant testified at trial. He had prior convictions for forgery, simple burglary, and unauthorized entry of an inhabited dwelling. Defendant admitted that he was in the living room

---

[1] R. Doc. 8.
[2] R. Doc. 3-1.
[3] R. Doc. 11.
[4] R. Doc. 8.

on the couch with K.C. the night she fell asleep. He insisted, however, that he never removed his penis from his clothes.[5]

On August 15, 2017, Petitioner was charged with sexual battery of a victim under 13 years old, in violation of La. Rev. Stat. § 14:43.1(C)(2).[6] The State later amended the bill of information to charge Petitioner with indecent behavior with a juvenile under 13 years of age, in violation of La. Rev. Stat. § 14:81.[7] A jury found Petitioner guilty as charged, and on September 21, 2018, he was sentenced to fifteen years to be served at hard labor.[8] The trial court subsequently denied Petitioner's oral motion to reconsider.[9] On appeal, Defendant asserted that the trial court erred by denying his motion to reconsider his sentence and that his sentence was unconstitutionally excessive.[10] The Louisiana First Circuit Court of Appeal affirmed the conviction, while vacating Petitioner's sentence as illegally lenient and remanding the case to the trial court.[11] The trial court resentenced Petitioner to a fifteen year sentence with the first two years to be served without the benefit of probation, parole, or suspension of sentence.[12]

On October 12, 2020, Petitioner filed an application for post-conviction relief, asserting, 1) the court exceeded its jurisdiction, 2) his conviction was obtained in violation of the Constitution, and 3) his trial counsel was ineffective for failing to investigate and call witness Winford LaFont and failing to request a continuance of trial once the bill of

---

[5] *State v. Leboeuf*, 2018-1777 (La. App. 1 Cir. 8/2/19), 281 So. 3d 714, 715.
[6] R. Doc. 8 at p. 1.
[7] *Id.*
[8] *Id.* at pp. 1-2.
[9] *Id.* at p. 2.
[10] *Id.*
[11] *Id.*
[12] *Id.*

information was amended.[13] The trial court, the Louisiana First Circuit Court of Appeal, and the Louisiana Supreme Court denied Petitioner's writ application.[14]

Petitioner filed the instant petition for habeas corpus relief on November 7, 2021.[15] In that application, Petitioner argued he was entitled to relief because (1) his counsel was ineffective, (2) the trial court exceeded its jurisdiction, and (3) his conviction was obtained in violation of the Constitution.[16] Magistrate Judge North issued his Report and Recommendation on March 24, 2022, recommending Petitioner's habeas petition be dismissed with prejudice.[17] Petitioner timely objected on May 9, 2022, again asserting an ineffective assistance of counsel argument and raising several new issues for the first time in his objections.[18]

## LEGAL STANDARD

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[19]  As to the portions of the report not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[20]  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[21] The magistrate judge's legal conclusions

---

[13] *Id.* at pp. 2-3.
[14] *Id.* at p. 3.
[15] R. Doc. 1.
[16] *Id.*
[17] *Id.*
[18] R. Doc. 11.
[19] *See* 28 U.S.C. § 636(b)(1)(C) (2018) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[20] *Id.* § 636(b)(1)(A).
[21] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

are contrary to law when the Magistrate Judge misapplies case law, a statute, or a procedural rule.[22]

## LAW AND ANALYSIS

Petitioner brought three claims in his application for federal post-conviction relief: (1) ineffective assistance of counsel; (2) the trial court exceeded its jurisdiction; and (3) his conviction was obtained in violation of the Constitution.[23] The Magistrate Judge recommends that all claims be dismissed with prejudice.[24] First, the Court summarizes Petitioner's claims and the Magistrate Judge's findings below.

### I.      Petitioner's Claims and the Magistrate Judge's Findings.

As to Petitioner's first claim—ineffective assistance of counsel—Petitioner argued his counsel was ineffective for three reasons.[25] Petitioner argued his counsel erred by failing to investigate and call an alibi witness; by failing to move for a continuance when the bill of information was amended; and by failing to obtain a surveillance video that would have exonerated him of the charged crime.[26] The Magistrate Judge concluded Petitioner failed to carry his burden under *Strickland v. Washington* of demonstrating ineffective assistance of counsel.[27]

As to Petitioner's jurisdictional claim, Petitioner stated "[t]he Trial Court exceeded its jurisdiction from the preliminary examination forward."[28] However, in substance,

---

[22] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).
[23] R. Doc 3-1.
[24] R. Doc. 8.
[25] *Id.* at pp. 5-10.
[26] *Id.*
[27] R. Doc. 8 at p. 19.
[28] R. Doc. 3-1 at p. 10.

Petitioner merely points to evidence that he believes should have exonerated him.[29] The Magistrate Judge acknowledged that Petitioner made no argument related to the district court's exercise of jurisdiction.[30] The Magistrate Judge stated that, to the extent Petitioner alleged a violation of Louisiana law, "the claim is not cognizable for federal habeas corpus review."[31]

Finally, as to Petitioner's claim that his conviction was obtained in violation of the Constitution, Petitioner argued his due process rights were violated when the bill of information was amended three days prior to trial.[32] Petitioner argued this violated the Constitution of the United States or Louisiana because he alleged the bill of information must be provided at least seven days in advance of trial.[33] The Magistrate Judge stated that no such requirement exists under Louisiana law. Instead "the prosecution may make substantive amendments to a bill of information to charge a new offense before trial commences."[34] Moreover, the Magistrate Judge concluded the amended bill of information did not deprive Petitioner of due process.[35]

Having summarized Petitioner's arguments and the Magistrate Judge's finding, the Court must now determine which of Petitioner's objections are properly before the Court.

## II.    Petitioner's Objections Properly Before the Court.

Petitioner objected to the Magistrate Judge's Report and Recommendation. Petitioner's objections mirror his habeas petition in structure—he argues the Magistrate

---

[29] *Id.* at pp. 10-11.
[30] R. Doc. 8 at p. 20.
[31] *Id.*
[32] R. Doc. 3-1 at pp. 12-14.
[33] *Id.* at p. 12.
[34] R. Doc. 8 at p. 22.
[35] *Id.* at pp. 22-24.

Judge erred in recommending the following claims be dismissed: (1) Petitioner was afforded ineffective assistance of counsel; (2) the court exceeded its jurisdiction; and (3) the conviction was obtained in violation of the Constitution.[36] Petitioner also raises a fourth objection—that the Magistrate Judge failed to address his alleged supplemental claim of actual innocence.[37] While Petitioner objects generally to the findings of the Report and Recommendation, Petitioner specifically objected only to the Magistrate Judge's findings that his counsel was not ineffective for failing to call an alibi witness. Petitioner's remaining objections are, in substance, new arguments raised for the first time in his objections.

The Court will not consider new arguments raised by Petitioner for the first time in his objections. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[38] The Fifth Circuit has noted that arguments which are raised after the Magistrate's Report and Recommendation has been issued need not be reviewed by the District Court.[39] While a "district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint,"[40] the choice of whether to allow for new arguments and issues to be raised comes at the discretion of the overseeing district court.[41]

---

[36] R. Doc. 11 at p. 1.

[37] *Id.* at p. 13.

[38] *Clay v. Nelson Coleman Corr. Ctr. Med. Staff & Corr. Officers*, No. CIV.A. 10-1590, 2012 WL 1188463, at *1 (E.D. La. Apr. 9, 2012) (quoting *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir.1996).

[39] *Cupit v. Whitley*, 28 F. 3d 532, 535 (5th Cir. 1994) (citing *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988) (explaining that a party "has a duty to put its best foot forward" before the Magistrate Judge—i.e., "to spell out its arguments squarely and distinctly"—and, accordingly, that a party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge).

[40] *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1994).

[41] *Lewis v. Tanner*, No. 14-1529, 2016 WL 1388293, at *4 (E.D. La. Apr. 8, 2016) ("Here, Petitioner has presented the Court with no reason for his failure to raise this issue in his original petition.").

### a.  Objection One: Ineffective Assistance of Counsel

In his first objection to the Magistrate Judge's finding that his counsel was not ineffective for failing to call an alibi witness, Petitioner objected on the grounds that counsel should have furnished a "defense expert" as a substitute for the deceased witness who could not testify.[42] Because Petitioner specifically objected to the Magistrate Judge's finding, the Court will review Petitioner's objection de novo in Section III below.

Also in his first objection, Petitioner raises for the first time the argument that his counsel was ineffective because the State should have referred the victim to a "child advocacy center."[43] Because Petitioner raised this argument for the first time in his objection, the Court will not consider this argument. However, even had this argument been raised in the initial petition, Petitioner's argument would nonetheless fail on the merits, because the victim was in fact interviewed by a child advocacy center.[44]

### b.  Objection Two: The Court Exceeded Its Jurisdiction.

Petitioner makes a slew of new arguments under his second objection—that "the court exceeded its jurisdiction."[45] Petitioner argues the Magistrate Judge failed to conduct a proper cumulative error analysis of the errors and constitutional violations he alleges occurred during his state court proceedings.[46] Additionally, Petitioner argues the state court lacked jurisdiction because the home where the record facts occurred is located in the Gulf Intracoastal Waterway, and thus "is under Maritime Jurisdiction."[47] Petitioner

---

[42] R. Doc. 11 at p. 4.
[43] *Id.* at pp. 3-4.
[44] R. Doc. 3-4 at p. 4.
[45] R. Doc. 11 at pp. 5-8.
[46] *Id.* at p. 5. Petitioner raises for the first time in his objections the argument that, even if all the errors committed in state court proceedings are insignificant individually, they collectively amount to a violation of his constitutional rights. *Id.* at p. 6. If Petitioner wished for the Magistrate Judge to consider a cumulative error analysis, Petitioner should have raised this argument in his initial habeas petition.
[47] *Id.*

also argues at length that the state court did not have subject matter jurisdiction over his case.[48] Crucially, Petitioner raised each of these arguments for the first time in his objection. Accordingly, because Petitioner did not raise these arguments in his habeas petition, the Court refrains from considering them at this stage.

### c. Objection Three: The Conviction Was Obtained in Violation of the Constitution.

Petitioner argues his conviction was obtained in violation of the Constitution of the United States or Louisiana because the Louisiana criminal statutes do not comply with traditional rules of constitutional construction, and "cannot be used as the law of this state."[49] Petitioner again raised this argument for the first time in his objection, and the Court will not consider them herein.

In addition to being untimely, the jurisdictional issues raised by Petitioner fail on the merits because federal habeas corpus review is confined to questions of a constitutional matter; thus, it's improper to scrutinize a state's jurisdiction over criminal matters.[50] Accordingly, the Court will not consider Petitioner's third objection.

### d. Objection Four: Actual Innocence.

Lastly, in his fourth objection, Petitioner argues the Magistrate Judge did not address his claim of actual innocence.[51] However, Petitioner made no claim of actual innocence in his habeas petition.[52]

---

[48] *Id.* at pp. 6-8.
[49] *Id.* at p. 10.
[50] *Jernigan v. Collins*, 980 F. 2d 292, 298 (5th Cir. 1992).
[51] R. Doc. 11 at p. 13.
[52] *See* R. Doc. 3-1.

Accordingly, the Court will review de novo only Petitioner's objection to the Magistrate Judge's finding that his counsel was not ineffective for failing to call an alibi witness.

## III.   Ineffective Assistance of Counsel.

Petitioner objects to the Magistrate Judge's findings that he is not entitled to relief on his ineffective assistance of counsel claim. Petitioner claims counsel should have furnished a "defense expert" as a substitute for a deceased witness who could not testify.[53] The United States Supreme Court has articulated a two-part test for analyzing claims for ineffective assistance of counsel: petitioner must prove 1) deficient performance by counsel, and 2) the deficient performance prejudiced his defense.[54] To prevail on the deficiency prong, the petitioner must show that counsel's performance falls below a standard of reasonableness.[55] For the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[56] Additionally, review under *Strickland* and Section 2254(d) receives double deference in the context of federal habeas corpus review.[57]

Petitioner relies heavily on a case in which the court found that defense counsel was deficient because counsel failed to obtain an expert witness—*Woodfox v. Cain*.[58] However, in both the case that Petitioner cites[59], as well as the case cited by *Woodfox*,[60]

---

[53] R. Doc. 11 at p. 4.
[54] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[55] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).
[56] *Strickland*, 466 U.S. at 694.
[57] "The standards created by Strickland and §2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).
[58] R. Doc. 11 at p. 4; *Woodfox v. Cain*, No. CV 06-789-D-M2, 2008 WL 11383794 (M.D. La. June 10, 2008).
[59] *Id.* at *16.
[60] *Richey v. Bradshaw*, 498 F.3d 344, 362 (6th Cir. 2007).

defense counsel was found to be deficient when the opposing party had procured an expert witness, and where the legal matter itself required a legal expert.[61] In the instant case, the legal questions did not require a legal expert. Moreover, in the Fifth Circuit's later interpretation of *Woodfox*, the Fifth Circuit explained arguments that counsel failed to call a witness are not favored on federal habeas review, and to succeed, the petitioner must "'name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.'"[62]

In this case, the Petitioner did not name a defense expert nor demonstrate the witness' availability. Petitioner instead vaguely speaks to how a "defense expert" would have countered the testimony of the prosecution[63] and would possibly replace the missing evidence from Winfred LaFont.[64] Moreover, the Report and Recommendation shows that despite the death of LaFont, his defense counsel nonetheless elicited testimony relating to LaFont's statements to police at trial.[65] Accordingly, Petitioner failed to show counsel was ineffective for failing to furnish an expert defense witness.

## **CONCLUSION**

The Court reviews the remainder of the Magistrate Judge's findings under a clearly erroneous or contrary to law standard. The findings are not clearly erroneous or contrary

---

[61] In *Richey*, the underlying legal matter was for arson, and "the scientific evidence of arson was fundamental to the State's case," and in *Woodfox*, the underlying legal matter dealt with forensic evidence of fingerprints and blood stains.
[62] *Woodfox*, 609 F.3d at 808 (quoting *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009).
[63] R. Doc. 11 at p. 4.
[64] *Id*. at p. 3.
[65] R. Doc. 8 at p. 15.

to law. For the reasons stated above, the Court adopts Magistrate Judge Michael B. North's Report and Recommendation.[66]

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 1st day of March, 2023.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[66] R. Doc. 8.